UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

GAETANO D'ATTORE,

              Plaintiff,        :

        -against-        :

CITY OF NEW YORK, <u>et al.</u>,    :

             Defendant.    :
----------------------------------x

**REPORT & RECOMMENDATION**

**10 Civ. 1782 (JSR)(MHD)**

TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:

    Plaintiff Gaetano D'Attore having filed a complaint in the above-mentioned action on May 10, 2010, and the <u>Pro Se</u> office having mailed a service package to his current address on June 29, 2010, the deadline for service of the complaint upon defendants under Rule 4(m) of the Federal Rules of Civil Procedure, as adjusted by our letter dated August 3, 2010, was October 27, 2010. On September 8, 2010, we ordered plaintiff to show cause why his complaint should not be dismissed for failure to serve the defendants as required by Rule 4(m) of the Federal Rules of Civil Procedure. In response, we received a letter from Mr. D'Attore enclosing certificates of service for all defendants except defendants Salmon and Spencer. Defendants' counsel responded by letter dated November 1, 2010, requesting that we issue an order dismissing plaintiff's claims against defendants Salmon and Spencer. Plaintiff responded by letter dated November 16, 2010, by

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/11

which he consented to the dismissal of defendant Spencer,[1] but
stated that his failure to serve defendant Salmon was due to her
habit of changing her shield number to make it difficult to
identify her. Plaintiff identified at least four shield numbers
allegedly used by defendant Salmon -- 55, 153, 10315, and 10356 --
and requested additional time to effect service upon her.
Defendants responded by letter dated November 23, 2010, and noted
that plaintiff had already effected service upon Captain Salmon in
another case pending before this court. They therefore requested
that we recommend dismissal of this case against Captain Salmon,
arguing that plaintiff had not shown good cause for his failure to
serve her with the complaint in this case.

We denied that request, but ordered defendants to determine
defendant Salmon's full name and where she could be located, and
provide plaintiff with that information by December 7, 2010. We
further ordered plaintiff to serve defendant Salmon no later than
January 18, 2011. At a telephone conference with the parties on
January 5, 2011, plaintiff represented to the court that he would
submit a service request for defendant Salmon that week.

---

[1] We recommended that defendant Spencer be dismissed from
the case with prejudice, and the District Court adopted our
recommendation by order dated December 15, 2010.

Plaintiff apparently submitted a service package for defendant Salmon to the United States Marshals, and that package was received on January 25, 2011 (one week after our deadline to accomplish service upon defendant Salmon). Shortly thereafter, the Marshals returned the service package to plaintiff as defective. Hence, we issued yet another order on February 3, 2011, directing plaintiff to serve and file an affidavit demonstrating good cause for his failure to accomplish service of the complaint upon defendant Salmon by the previous deadline. Plaintiff was to submit that affidavit no later than March 3, 2011.

It is now nearly two weeks after plaintiff's deadline to show good cause for his failure to serve defendant Salmon, and close to two months after his most recent deadline to effect service upon her. He has failed to serve her with a copy of the complaint, and has made no effort to explain his failure to do so after receiving additional information on her whereabouts from the other defendants.

Therefore, we respectfully recommend that the complaint be dismissed without prejudice as against defendant Salmon, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

3

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Jed S. Rakoff, Room 1340, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:   New York, New York
         March 14, 2011

RESPECTFULLY SUBMITTED,

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

4

A copy of the foregoing Report and Recommendation has been mailed this date to:

Brian J. Farrar, Esq.
Assistant Corporation Counsel
NYC Law Department
100 Church Street
New York, NY 10007
(212) 341-0797
Fax: (212) 788-0367

Gaetano D'Attore
DIN: 10-A-5728
North Infirmary Command Center, Dorm 3
1500 Hazen St.
East Elmhurst, NY 11370

Pro Se Staff Attorney (via interoffice mail)
United States District Court, Southern District of New York
500 Pearl Street, Room 230
New York, New York 10007-1312